IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00070-WDM-MEH

LANGSTON G. ALEXANDER,

    Plaintiff,

v.

WALMART STORES INCORPORATED,

    Defendant.

## RECOMMENDATION ON MOTION TO DISMISS

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion") [filed March 12, 2008; doc #4], in response to the Plaintiff's Complaint [doc #1]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. L.Civ.R 72.1.C, the Motion has been referred to this Court for recommendation. The matter is briefed, and oral argument would not materially assist the Court in the analysis of this matter. The Court recommends that, for the reasons stated herein, the Motion be **denied**.[1]

---

[1] Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## BACKGROUND

Plaintiff, an African-American male, was employed with Defendant from July 2001 to October 2004, holding various hourly positions. He resigned on October 28, 2004, citing other pursuits in which he wished to engage. On February 2, 2006, Plaintiff filed a lawsuit in this Court against Defendant contending that it discriminated against him during his employment by counseling him in writing for an attendance issue, failing to hire him for transfers to other stores for which he applied, and creating a racially hostile work environment. *See Alexander v. Wal-Mart Stores, Inc.*, Civil Action No. 06-cv-00183-WDM-MEH.

During the pendency of that matter, Plaintiff filed another charge of discrimination on April 18, 2006 against Defendant, which is the subject of this lawsuit and which alleges retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended. Specifically, Plaintiff asserts that Defendant retaliated against him for filing the initial lawsuit by issuing unfavorable employment references to two prospective employers during the time period March 1, 2006 and April 8, 2006. Doc. #1 at 9. The Equal Employment Opportunity Commission issued a Notice of Right to Sue on October 11, 2007, and Plaintiff commenced this action on January 11, 2008. *Id.* at 7. Plaintiff seeks recovery for monetary damages and for pain and suffering, as well as punitive damages in this matter. *Id.* at 4-5.

In response to the Complaint, Defendant filed the within Motion to Dismiss arguing that Plaintiff's claim is barred under the doctrine of *res judicata* and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff responded asserting that his claim should not be dismissed since "[t]he earlier complaint did not addressed (sic) the retaliatory nature that is raised in this civil action." Doc. #11. Thereafter, on April 30, 2008, Defendant filed a statement notifying the Court of its intention not to file a reply brief. Doc. #13. Thus, the matter is ripe for ruling.

**DISCUSSION**

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept all of the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff. *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197 (2007); *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1968-69 (2007). Courts should look to the specific allegations of the complaint to determine whether they plausibly support a legal claim for relief -- that is -- a complaint must include "enough facts to state a claim for relief that is plausible on its face." *TON Services, Inc. v. Qwest Corp.*, 493 F.3d 1225, 1236 (10th Cir. 2007); *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). The complaint must sufficiently allege facts supporting all of the elements necessary to establish an entitlement to relief under the legal theory proposed. *Lane v. Simon*, 2007 WL 2136579, *3 (10th Cir. July 26, 2007). As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

Because Plaintiff is proceeding *pro se,* I must construe his complaint liberally, holding it to less stringent standards than a formal pleading drafted by an attorney. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972).

Defendant argues that it can satisfy all of the requirements of *res judicata*, or "claim preclusion," in this case, and therefore, Defendant concludes that Plaintiff's claims are barred. Motion at 3-4. Under federal law, the application of claim preclusion requires that three elements be satisfied: (1) a judgment on the merits in the earlier action; (2) identity of the parties or their privies in both suits; and (3) identity of the cause of action in both suits. *Hatch v. Boulder Town*

*Council*, 471 F.3d 1142, 1149 (10th Cir. 2006). Here, the parties involved in this action are the same involved in the previous action, which was dismissed on summary judgment on April 13, 2007. Thus, the first two elements of claim preclusion are met.

In analyzing the third element, the Tenth Circuit has adopted the transactional test contained in the Restatement (Second) of Judgments § 24. *Id.* (citing *Yapp v. Excel Corp.*, 186 F.3d 1222, 1227 (10th Cir. 1999)). The transactional approach provides that a claim will be precluded if it arises out of the same transaction, or series of connected transactions, as a previous suit, which concluded in a valid and final judgment. *Id.* (internal citations omitted). "What constitutes the same transaction or series of transactions is 'to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.'" *Id.* (quoting Restatement § 24). "New" claims, arising after the complaint has been filed but before judgment, may be deemed a dissimilar transaction and litigated in a subsequent action. *Id.*

Therefore, the question here is whether the Plaintiff's new claims arose out of the same transaction as those claims in the prior action. Under the transactional test, a claim should not be precluded merely because it is based on facts that arose prior to the entry of judgment in the previous action. *Hatch*, 471 F.3d at 1150 (citing *Mitchell v. City of Moore*, 218 F.3d 1190, 1202 (10th Cir. 2000)). However, a plaintiff may not avoid supplementing his complaint with facts that are part of the same transaction asserted in the complaint, and later, bring a new action arising out of the same transaction. *Id.* Under the transactional test, a new action will be permitted only where it raises new and independent claims based on new facts. *Hatch*, 471 F.3d at 1150 (citing *Storey v. Cello Holdings, LLC*, 347 F.3d 370, 384 (2d Cir. 2003) ("Where the facts that have accumulated after the

4

first action are enough on their own to sustain the second action, the new facts clearly constitute a new 'claim,' and the second action is not barred by res judicata")).

Here, Defendant argues that Plaintiff's new claims arise from the same transaction ("employment relationship") as in the previous lawsuit. In that case, Plaintiff claimed that, during his employment with Wal-Mart, he suffered adverse employment actions and a hostile work environment based upon his race, African-American. *See Alexander*, No. 06-cv-00183-WDM-MEH, doc. #3. Plaintiff voluntarily resigned his employment with Wal-Mart on October 28, 2004. *Id.* at 7. Plaintiff's separation of employment was not addressed in the original charge and lawsuit. Nearly 18 months later, in April 2006, Plaintiff filed the charge of discrimination at issue in this case alleging that Wal-Mart had, in recent weeks, retaliated against him by issuing negative employment references to prospective employers as a result of his filing the original charge. *See* doc. #1 at 9.

Taking into consideration the pragmatic approach required by the Tenth Circuit in *Hatch*, Plaintiff's claim in this regard does not arise from his previous employment with Defendant and cannot be considered as part of the same transaction, or "employment relationship" argued by Defendant. Instead, such claim is distinct from the transaction at issue in the previous lawsuit (i.e., Defendant's conduct during the course of Plaintiff's employment), and thus, is a "new and independent claim" that is sufficient to stand on its own. *See Drake v. Colorado State Univ.*, 161 F.3d 17 (table), *5 (10th Cir. 1998) (citing *Robinson v. Shell Oil Co.*, 519 U.S. 337 (1997)) ("[a]n employee may bring a cause of action against a former employer under Title VII for retaliatory post-employment actions, including providing negative job references").

It is important to note that even if Plaintiff has raised a new and independent claim, this claim could still be precluded if it falls under one of several exceptions to the rule that only claims related to the existing transaction are precluded. *See Hatch*, 471 F.3d at 1150. These exceptions

5

arise "where the judgment entered in the prior action (1) incorporated a settlement intended to govern future, related transactions between the parties; (2) resolved claims for declaratory or injunctive relief dealing with conduct persisting through trial or into the future; or where (3) 'the object of the first proceeding was to establish the legality of the continuing conduct into the future.'" *Id.* at 1150-51 (quoting 18 Wright, Miller & Cooper, Federal Practice & Procedure § 4409, at 220-232). Here, in the previous lawsuit, Plaintiff requested only "monetary relief for damages [he had] suffered due to the harrassment (sic), denied promotions and transfers while [he] was employed at Walmart." *See Alexander*, No. 06-cv-00183-WDM-MEH, doc. #3. His claims were dismissed with prejudice on summary judgment. *Id.*, doc. #78. There was no settlement in that case, no claims for injunctive or declaratory relief, and no efforts to establish the legality of continuing conduct in the future. Therefore, Plaintiff's new claim does not fall under one of the exceptions described by the Tenth Circuit.

Nevertheless, Defendant argues that Plaintiff was obligated to supplement his previous complaint at the time the within charge of discrimination matured, which would have been 180 days after the charge was filed with the EEOC. Motion at 4-5. However, a plaintiff would have that obligation only if the new claim arose out of the same transaction as that litigated in the previous lawsuit. *See Hatch*, 471 F.3d at 1150, n. 7. Thus, Plaintiff had no obligation to supplement his original complaint with the claim he brings in the instant action.

## CONCLUSION

Based on the foregoing, and the entire record herein, I do hereby **recommend** that the District Court deny Defendant's Motion to Dismiss [filed March 12, 2008; doc #4] as set forth herein.

Dated at Denver, Colorado, this 2nd day of May, 2008.

        BY THE COURT:

        s/Michael E. Hegarty
        Michael E. Hegarty
        United States Magistrate Judge