IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 08-cv-00070-WDM-MEH

LANGSTON G. ALEXANDER,

    Plaintiff,

v.

WALMART STORES INCORPORATED,

    Defendant.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

    This matter is before me on a recommendation of Magistrate Judge Michael E. Hegarty, issued May 2, 2008 (Docket No. 14), recommending that Defendants' motions to dismiss (Docket No. 4) be denied. Defendant filed a timely objection to the recommendation and, therefore, is entitled to *de novo* review of the portions of the recommendation to which objection was made. 28 U.S.C. § 636(b); *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir. 1988). I must construe Plaintiff's pleadings liberally and hold him to a "less stringent standard" because he is proceeding *pro se*. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972))). For the reasons set forth below, I accept Magistrate Judge Hegarty's recommendation.

PDF Final

## Background

Plaintiff, an African-American male, was employed by Defendant from July 2001 to October 2004 in various hourly positions. He voluntarily resigned on October 28, 2004. On February 2, 2006, Plaintiff filed a civil rights action against Defendant in this Court alleging that Defendant had discriminated against him based on his race during his employment by failing to promote him, unfairly imposing discipline on him, denying him transfers to other stores, and allowing him to be harassed at work (the "First Action"). *See Alexander v. Wal-Mart Stores, Inc.*, Civil Action No. 06-cv-00183-WDM-MEH.

On April 18, 2006, while the First Action was still pending before this Court, Plaintiff filed a separate charge of discrimination against Defendant alleging that Defendant retaliated against him for filing the First Action by issuing unfavorable employment references about Plaintiff to two prospective employers. After the Equal Employment Opportunity Commission ("EEOC") issued a Notice of Right to Sue, Plaintiff initiated this lawsuit based on these allegations.

## Standard of Review

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." A complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to

provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The court must accept as true all well-pleaded facts and construe all reasonable allegations in the light most favorable to the plaintiff. *United States v. Colorado Supreme Court*, 87 F.3d 1161, 1164 (10th Cir. 1996).

## Discussion

Defendant argues that dismissal is appropriate because Plaintiff's claims are barred by the doctrine of *res judicata*, or claim preclusion. "Under federal law, the application of claim preclusion requires that three elements are satisfied: '(1) a judgment on the merits in the earlier action; (2) identity of the parties or their privies in both suits; and (3) identity of the cause of action in both suits.'" *Hatch v. Boulder Town Council*, 471 F.3d 1142, 1149 (10th Cir. 2006) (quoting *Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir. 1999)). In other words "the doctrine of claim preclusion prevents 'the parties or their privies from relitigating issues that were or could have been raised in' an earlier action." *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1202 (10th Cir. 2000) (quoting *Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1238 (10th Cir. 1992)). With respect to the third element, identity of the cause of action, the Tenth Circuit has adopted the transactional test which "provides that a claim arising out of the same 'transaction, or series of connected transactions' as a previous suit, which concluded in a valid and final judgment, will be precluded."

*Yapp*, 186 F.3d at 1227.  "What constitutes the same transaction or series of transactions is 'to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.'" *Id.* (quoting Restatement (Second) of Judgments § 24 (1982)).  Therefore, "[u]nder the transactional test, a new action will be permitted only where it raises *new and independent* claims, not part of the previous transaction, based on the new facts."  *Hatch*, 471 F.3d at 1150 (citing *Storey v. Cello Holdings, LLC*, 347 F.3d 370, 384 (2d Cir. 20003)).

Magistrate Judge Hegarty recommends that Defendant's motion to dismiss be denied because there is not identity of the cause of action between this case and the First Action.[1]  I agree.  Although Defendant is correct in noting that the facts underlying Plaintiff's previous lawsuit and the facts underling this lawsuit both relate to Plaintiff's employment with Defendant, I do not think that they constitute the same transaction or series of transactions such that Plaintiff's current claim is precluded.

The Tenth Circuit has, on a number of occasions, determined that two events were part of the same transaction or series of transactions when "the claims in each case were predicated on [plainitiff's] employment.'" *Yapp*, 186 F.3d at 1228 (quoting *Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1239 (10th Cir. 1992)); *accord Mitchell v. City of Moore*, 218 F.3d 1190, 1202 (10th Cir. 2000) ("Our case law seems to stand

---

[1] There is no dispute that the first two elements of claim preclusion are satisfied in this case.

for the proposition that all claims arising from the same employment relationship constitute the same transaction or series of transactions for claim preclusion purposes." (citing *Yapp*, 186 F.3d at 1228 and *Clark*, 953 F.2d at 1239)); *Wilkes v. Wyo. Dep't of Empl. Div. of Labor Stds.*, 314 F.3d 501, 504 (10th Cir. 2002). However, the cases so holding all dealt with the situation where the employee complains about some event during employment and a wrongful discharge. This is not the situation here and I find no evidence in the case law that I am to dispense with the requisite inquiry into the two events simply because both events relate, in some attenuated fashion, to the employment relationship. *See Yapp*, 186 f.3d at 1228 ("No other court applying the transactional test has held that suits arising from the same employment relationship are thereby necessarily ground upon the same transaction."). In this case, I conclude that the two events are not so related in time, space, origin, or motivation that they form the same transaction or series of transactions. Indeed, the First Action was related to Plaintiff's working conditions during his employment prior to October 2004 and based on race while the this case focuses on negative employment references made over a year and a half after Plaintiff's employment ended and based on retaliation for filing the First Action. Furthermore, I conclude that the events do not form a convenient trial unit given the inherent differences in time, origin, and motivation. Therefore, I conclude that *res judicata* does not bar Plaintiff's current action.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Hegarty (Docket No. 14), issued

May 2, 2008, is accepted.

2. Defendant's Motion to Dismiss (Docket No. 4) is denied.

DATED at Denver, Colorado, on November 5, 2008.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge