IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00070-WDM-MEH

LANGSTON G. ALEXANDER,

    Plaintiff,

v.

WALMART STORES INCORPORATED,

    Defendant.

---

## RECOMMENDATION ON MOTION FOR SUMMARY JUDGMENT

---

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Defendant's Motion for Summary Judgment and Injunctive Relief to Prevent Further Frivolous Actions ("Motion") [filed September 26, 2008; docket #23]. By Order of Reference to United States Magistrate Judge, this matter has been referred to me to conduct proceedings in this civil action pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b). The matter is fully briefed, and the Court recommends that, for the reasons stated herein, the Motion be **granted**.[1]

---

[1] Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

**BACKGROUND**

Plaintiff, an African-American male, was employed with Defendant from July 2001 to October 2004, holding various hourly positions. He resigned on October 28, 2004, citing other pursuits in which he wished to engage. On February 2, 2006, Plaintiff filed a lawsuit in this Court against Defendant contending that it discriminated against him during his employment by counseling him in writing for an attendance issue, failing to hire him for transfers to other stores for which he applied, and creating a racially hostile work environment. *See Alexander v. Wal-Mart Stores, Inc.*, Civil Action No. 06-cv-00183-WDM-MEH.

During the pendency of that matter, Plaintiff filed another charge of discrimination on April 18, 2006 against Defendant, which is the subject of this lawsuit and which alleges retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended. Specifically, Plaintiff asserts that Defendant retaliated against him for filing the initial lawsuit by issuing unfavorable employment references to two prospective employers during the time period March 1, 2006 through April 8, 2006. Doc. #1 at 9. The Equal Employment Opportunity Commission issued a Notice of Right to Sue on October 11, 2007, and Plaintiff commenced this action on January 11, 2008. *Id.* at 7. Plaintiff seeks recovery for monetary damages and for pain and suffering, as well as punitive damages. *Id.* at 4-5.

Defendant requests summary judgment in this matter on the basis that Plaintiff can establish no genuine issue of material fact and is merely resting on his pleadings to pursue his claim against Defendant. Referring to Plaintiff's deposition and relevant documents, Defendant asserts the following as undisputed facts that are pertinent to this matter:

1. On or about July 21, 2001, Plaintiff commenced employment with Wal-Mart at its Commerce City, Colorado Supercenter. Docket #23-3, Exhibit A, Deposition of Plaintiff, p. 95, ll.

19-21.

2.  On October 28, 2004, Plaintiff voluntarily resigned from his employment with Wal-Mart. Docket #23-3 at p. 95, ll. 22-24. In his letter of resignation, Plaintiff wrote that he was leaving his employment to attend school and pursue other employment opportunities. *Id.* at p. 95, l. 25 – p. 96, l. 4; docket #23-5, Exhibit C, Letter of Resignation; docket #23-6, Exhibit D, Exit Interview. At the time of his resignation, Plaintiff did not have another job and knew that he would face some period of unemployment. Docket #23-3 at p. 14, l. 22 – p. 15, l. 2.

3.  On February 2, 2006, Plaintiff filed a *pro se* Title VII Complaint against Wal-Mart (hereinafter referred to as "First Lawsuit"), alleging that Wal-Mart subjected him to racial discrimination and retaliation by failing to promote him, unfairly imposing discipline on him, denying him transfers to other stores, and permitting him to be harassed. *See Alexander v. Wal-Mart*, 1:06-cv-00183-WDM-MEH. On April 12, 2007, this Court granted Wal-Mart's Motion for Summary Judgment and dismissed Plaintiff's claims with prejudice. *Id.*

4.  Almost one year prior to the disposition of Plaintiff's First Lawsuit, he filed a Charge of Discrimination with the EEOC alleging that, between March 1, 2006 and April 8, 2006, Wal-Mart had given negative employment references to prospective employers due to Plaintiff's race, color and protected activity. Docket #23-7, Exhibit E, Charge of Discrimination. In the present case, Plaintiff asserts that Wal-Mart gave negative employment references to prospective employers as alleged in this Charge of Discrimination. Docket #23-3 at p. 98, ll. 6 – 9.

5.  According to Plaintiff, Wal-Mart issued negative employment references, because management was upset that he had sought a transfer to Sam's Club. *Id.* at p. 98, ll. 10-22. Plaintiff also believes that Wal-Mart retaliated against him because he resigned from his employment. *Id.* at p. 98, l. 23 – p. 99, l. 11. Plaintiff did not testify that his race or any alleged protected activity

3

motivated Wal-Mart's alleged discriminatory or retaliatory employment actions. *Id.*

6. Plaintiff cannot identify anyone at Wal-Mart who allegedly gave him a negative employment reference and, in fact, admits that he is not sure that Wal-Mart even gave prospective employers negative references about him. Docket #23-3 at p. 99, ll. 19 – 22; p. 100, l. 23 – p. 101, l. 6.

7. Plaintiff testified that he has no evidence that he was denied any job for which he applied because of a bad reference from Wal-Mart. *Id.* at p. 102, ll. 15-22; p. 106, ll. 15-18. In his deposition, however, Plaintiff asserted that Wal-Mart may have given bad references to three employers – Bass Pro Shop, Lowe's Home Improvement and W.W. Grainger.

8. In October and December 2005, Plaintiff sought employment with Bass Pro Shop. Docket #23-3 at p. 59, ll. 3-5; p. 60, ll. 3-6. In March 2006, Plaintiff asked Carol Richter, a Human Resources Representative with Bass, to explain why Bass Pro Shop had not contacted him in response to his applications. *Id.* at p. 60, ll. 13-19. According to Plaintiff, Ms. Richter responded that other applicants had more experience than Plaintiff. *Id.* at p. 60, ll. 20-23. Thus, in the discussion, Ms. Richter did not suggest that Wal-Mart provided a negative reference about him. *Id.* at p. 61, ll. 11-14.

9. Plaintiff testified that he has no evidence that anyone at Wal-Mart spoke with anyone at Bass Pro Shop regarding Plaintiff. Docket #23-3 at p. 70, l. 19 – p. 71, ll. 3, 14-22. Plaintiff suspects, but has no evidence that Wal-Mart provided Bass Pro Shop with any negative information about Plaintiff. *Id.* at p. 71, ll. 14-24. Plaintiff testified that the only specific information he knows was provided by Wal-Mart to Bass Pro Shop was a favorable Applicant Screening Form (indicating that Plaintiff had resigned from his employment and was eligible for re-hire at Wal-Mart). *Id.* at p. 117, l. 5 – p. 118, l. 19.

10. Plaintiff applied for employment with Lowe's about thirty (30) times over a period from October 2004 through early 2006. Docket #23-3 at p. 74, ll. 20-25. In January and April 2006 Plaintiff spoke with two Human Resource Managers at Lowe's about his pending applications. *Id.* at p. 75, l. 22 – p. 76, l. 10. Plaintiff's employment with Wal-Mart was not discussed at any time with these managers. *Id.* at p. 77, ll. 17-21.

11. Plaintiff testified that he does not have any evidence that Wal-Mart gave Lowe's unfavorable information about Plaintiff. *Id.* at p. 83, ll. 11-17.

12. In May 2006, Lowe's hired Plaintiff as a Cashier. Docket #23-3 at p.74 ll. 12-16. Plaintiff does not know why he was not hired by Lowe's prior to May 2006. *Id.* at p. 87, ll. 9 – 11. In August 2008, Plaintiff resigned from his employment with Lowe's. *Id.* at p. 79, ll. 18-23.

13. Plaintiff applied multiple times for employment with W. W. Grainger between August 2004 and December 2005. Docket #23-3 at p. 23, ll. 15-20. In September 2005, Plaintiff visited a W.W. Grainger facility to find out why he had not been hired. *Id.* at p. 55, ll. 10-12. Plaintiff spoke with Josh Sidler, the hiring manager. *Id.* According to Plaintiff, Mr. Sidler told him that the "weakest part" of his application was Plaintiff's own statement that he had a problem getting along with the managers at Wal-Mart (Plaintiff denied making this statement). *Id.* at p. 56, ll. 9-10; p. 57, ll. 4-6.

14. Plaintiff testified that he has no evidence that Mr. Sidler ever spoke with any one at Wal-Mart about Plaintiff. *Id.* at p. 57, ll. 10-12. In addition, Plaintiff has no evidence that Wal-Mart provided W.W. Grainger with any negative information about Plaintiff. *Id.* at p. 105, ll. 15-22. Plaintiff also testified that he was not sure that W.W. Grainger denied him employment due to unfavorable references from Wal-Mart. *Id.* at p. 73, ll. 21-24.

15. Plaintiff intends to initiate another lawsuit against Wal-Mart for providing

information about him to "employment background verification companies." Docket #23-3 at p. 115, l. 1-20. By his own admission, however, Plaintiff has no evidence at the present time that Wal-Mart has provided any "employment verification company" with any information about Plaintiff. *Id.* at p. 116, ll. 2-9.

In response, Plaintiff asserts that Defendant did not fully answer his interrogatories[2] and rebuts only a few of Defendant's stated facts, including (1) in April 2006, Plaintiff spoke with the General Manager at Bass Pro Shop who asked him, "what did you do to those managers?" and told Plaintiff that he would call Wal-Mart for a reference. Plaintiff never heard back from Mr. Watts or Ms. Richter; and (2) a meeting was held among the Plaintiff, an attorney for W.W. Grainger and a representative of the Colorado Civil Rights Division at which the Grainger attorney stated that Grainger would not hire Plaintiff and would not give a reason for the decision not to hire.

Defendant replies that Plaintiff failed to support his response with affidavits, deposition testimony or other methods authorized by Fed. R. Civ. P. 56, and that, even if authorized, such information is inadmissible hearsay, unsubstantiated and speculative.

## DISCUSSION

### I.  Standard of Review

Summary judgment serves the purpose of testing whether a trial is required. *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003). The Court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter

---

[2]On October 7, 2008, Plaintiff filed a motion to compel Defendant to "answer fully the First Set of Interrogatories and Request of Documents" [docket #24]. This Court denied the motion without prejudice for Plaintiff's failure to comply with Fed. R. Civ. P. 37(a) and D.C. Colo. LCivR 37.1. Plaintiff filed a second motion on October 22, 2008, but again failed to comply with the rules making it difficult, if not impossible, for the Court to adjudicate the motion properly; therefore, the motion was denied without prejudice. Since that time, Plaintiff has not filed another motion.

of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The non-moving party has the burden of showing that there are issues of material fact to be determined. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The moving party bears the initial responsibility of providing to the Court the factual basis for its motion and identifying the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which reveal that there are no genuine issues as to any material facts, and that the party is entitled to summary judgment as a matter of law. *Id.* at 323; *Maldonado v. City of Altus*, 433 F.3d 1294, 1302 (10th Cir. 2006).

If the movant properly supports a motion for summary judgment, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing a genuine factual issue for trial. *Hysten v. Burlington Northern and Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th Cir. 2002); Fed. R. Civ. P. 56(e). These specific facts may be shown "'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves.'" *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 324). "[T]he content of summary judgment evidence must be generally admissible and . . . if that evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, *i.e.*, the evidence must be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). "The court views the record and draws all inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1256 (10th Cir. 2005).

**II.     Analysis**

Even drawing all inferences in the light most favorable to him, I find that Plaintiff has failed to show any genuine issue of material fact against Defendant that would justify permitting this case to proceed.

To prove a retaliation claim under Title VII, the Plaintiff must first establish a prima facie case by showing "(1) he engaged in protected opposition to Title VII discrimination; (2) he suffered an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse employment action." *Meiners v. Univ. of Kansas,* 359 F.3d 1222, 1229 (10th Cir. 2004). Similarly, to prove that he suffered discrimination based upon race or color, the Plaintiff must initially establish a prima facie demonstrating "(1) membership in a protected class, (2) an adverse employment action, and (3) disparate treatment among similarly situated employees." *Orr v. City of Albuquerque,* 417 F.3d 1144, 1149 (10th Cir. 2005). Thus, in both discrimination and retaliation actions, the plaintiff must always establish that the employer caused the plaintiff to suffer an adverse employment action. *See id.*

Here, Defendant supports its request for summary judgment with Plaintiff's deposition testimony and with documents submitted by the Plaintiff with his Complaint. Defendant's supported statement of facts demonstrates that Plaintiff has no evidence to show that Defendant took an adverse employment action (i.e. issued negative employment references to prospective employers) against Plaintiff. Plaintiff's only proffered rebuttal "evidence" - which amounts to Plaintiff's own statements that he received no return calls, nor reasons given for refusal to hire, from representatives of prospective employers - fails to demonstrate a genuine issue as to whether Defendant issued negative employment references or whether Defendant caused the prospective employers to choose not to hire Plaintiff.

Moreover, Plaintiff offers no argument nor evidence regarding whether he was treated

8

differently than other similarly situated employees, or whether there was a connection between his protected activity of filing a charge of discrimination and the alleged refusals to hire a year later. Thus, Plaintiff cannot establish either a claim for discrimination or for retaliation under Title VII against Defendant, and this Court recommends that Defendant be awarded summary judgment against Plaintiff.

Due to Plaintiff's abject failure to rebut Defendant's motion and Plaintiff's own admissions that he has no evidence to prove Title VII violations here, the Court also recommends that Defendant be awarded its attorney's fees and costs for Plaintiff's frivolous action. *See White v. General Motors Corp.*, 908 F.2d 675, 684-85 (10th Cir. 1990) (the primary purpose of sanctions is to deter litigant misconduct, and the limit of any sanction award should be that amount reasonably necessary to deter the wrongdoer).

As for Defendant's request for injunctive relief, however, the Court finds that restricting Plaintiff's access to the courts (in addition to an award of attorney's fees and costs) is a drastic sanction that is inappropriate in this case. Rather, this Court recommends that the District Court deny the request for injunctive relief, but issue a warning to Plaintiff against filing frivolous actions and find that any future actions brought by Plaintiff against Defendant, if any, will be sufficiently governed by the federal and local rules of this Court.

## CONCLUSION

Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1C, I therefore RECOMMEND that Defendant's Motion for Summary Judgment and Injunctive Relief to Prevent Further Frivolous Actions ("Motion") [filed September 26, 2008; docket #23] be **granted in part and denied in part** as set forth herein, and that Plaintiff's claims against Defendant be **dismissed with prejudice**.

Dated at Denver, Colorado, this 17th day of November, 2008.

                                              BY THE COURT:

                                              <u>s/ Michael E. Hegarty</u>
                                              Michael E. Hegarty
                                              United States Magistrate Judge