IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 08-cv-00070-WDM-MEH

LANGSTON G. ALEXANDER,

    Plaintiff,

v.

WALMART STORES INCORPORATED,

    Defendant.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

This matter is before me on Magistrate Judge Michael E. Hegarty's recommendation, issued November 17, 2008 (Docket No. 34), that Defendant's motion for summary judgment (Docket No. 23) be granted. Plaintiff filed a timely objection to the recommendation (Docket No. 48) and, therefore, is entitled to *de novo* review of the portions of the recommendation to which objection was made. 28 U.S.C. § 636(b); *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir. 1988). Defendant responded to Plaintiff's objections (Docket No. 49). I must construe Plaintiff's pleadings liberally and hold him to a "less stringent standard" because he is proceeding *pro se*. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972))). For the reasons set forth below, I accept Magistrate Judge Hegarty's recommendation with

some modification.

## Background

Plaintiff, an African-American male, was employed by Defendant from July 2001 to October 2004 in various hourly positions. He voluntarily resigned on October 28, 2004. On February 2, 2006, Plaintiff filed a civil rights action against Defendant in this Court alleging that Defendant had discriminated against him based on his race during his employment by failing to promote him, unfairly imposing discipline on him, denying him transfers to other stores, and allowing him to be harassed at work (the "First Action"). *See Alexander v. Wal-Mart Stores, Inc.*, Civil Action No. 06-cv-00183-WDM-MEH.

On April 18, 2006, while the First Action was still pending before this Court, Plaintiff filed a separate charge of discrimination against Defendant alleging that Defendant discriminated against him based on his race and retaliated against him for filing the First Action by issuing unfavorable employment references about Plaintiff to two prospective employers. After the Equal Employment Opportunity Commission ("EEOC") issued a Notice of Right to Sue, Plaintiff initiated this lawsuit based on these allegations.

## Standard of Review

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *accord Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1124 (10th Cir. 2005) ("Under Fed. R. Civ. P. 56(c), summary judgment is only appropriate if the pleadings and admissible evidence produced during discovery, together with any affidavits, show

that 'there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"). A factual issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). "When applying this standard, [the court] view[s] the evidence and draws reasonable inferences therefrom in the light most favorable to the nonmoving party." *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999) (citing *Byers v. City of Albuquerque*, 150 F.3d 1271, 174 (10th Cir. 1998)).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying 'a lack of evidence for the nonmovant on an essential element of the nonmovant's claim.'" *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)). Then, "[t]o avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Id.* (citing *Hulsey v. Kmart, Inc.*, 43 F.3d 555, 557 (10th Cir. 1994)). Indeed, the plaintiff must set forth specific facts "that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (D. Colo. 1998) (citing Fed. R. Civ. P. 56(e)). A mere scintilla of evidence is not sufficient to create a genuine issue of material fact and survive summary judgment, *Simms*, 165 F.3d at 1326 (quoting *Lawmaster v. Ward*, 125 F.3d 1341, 1347 (10th Cir. 1997)), nor are unsupported conclusory allegations, *Annett v. Univ. of Kan.*, 371 F.3d 1233, 1237 (10th Cir. 2004) (citing *L & M Enters., Inc. v. BEI Sensors & Sys. Co.*, 231 F.3d 1284,

1287 (10th Cir. 2000)).  When the opposing party fails to "set out specific facts showing a genuine issue for trial . . . summary judgment should, if appropriate, be entered against that party."  Fed. R. Civ. P. 56(e)(2).  Indeed, a "nonmovant acts, or fails to act, at its peril."  *Adler*, 144 F.3d at 672.

A plaintiff alleging employment discrimination may prove intentional discrimination directly or indirectly.  As is typical, this case is brought under the indirect analysis set forth in *McDonnell Douglas Corp. v. Green*, which provides a burden-shifting framework for assessing indirect, or circumstantial, evidence.  411 U.S. 792, 802–04 (1973); *see generally St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506–058 (1993); *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1226 (10th Cir. 2000).

Under the *McDonnell Douglas* framework, the plaintiff bears the initial burden of presenting a *prima facie* case of discrimination.  *Kendrick*, 220 F.3d at 1226.  The essential purpose of the *prima facie* test is to eliminate "the most common nondiscriminatory reasons for" the employment action.  *See id.* at 1227 (quoting *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253-54 (1981)); *see also St. Mary's Honor Ctr.*, 509 U.S. at 506 (*prima facie* case "in effect creates a presumption that the employer unlawfully discriminated against the employee") (quoting *Burdine*, 450 U.S. at 254) (alteration in quoted material)).  If the plaintiff establishes a *prima facie* case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason" for its action.  *Kendrick*, 220 F.3d at 1226 (quoting *McDonnell Douglas*, 411 U.S. at 802).  If the defendant presents such a reason, the plaintiff bears the "ultimate burden" of showing that these proffered reasons are a pretext for unlawful discrimination.  *Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1167 (10th Cir. 2000).

Discussion

1.   Exhaustion of Remedies

Although not addressed by Magistrate Judge Hegarty, because it is jurisdictional, *see Shikles v. Sprint/United Mgmt. Co*, 426 F.3d 1304, 1317 (10th Cir. 2005),[1] I must address Defendant's argument that Plaintiff failed to exhaust his administrative remedies before I may address the merits of the claims, *see Cudjoe v. Independent Sch. Dist. No. 12*, 297 F.3d 1058, 1063(10th Cir. 2002)   Generally, a plaintiff must exhaust administrative remedies with the EEOC prior to filing a Title VII claim in federal district court.   *Simms v. Oklahoma ex. rel., Dep't of Mental Health and Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999); *Jones v. Runyon*, 91 F.3d 1398, 1400 n.1 (10th Cir. 1996).   "Thus, a plaintiff normally may not bring a Title VII action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue letter."   *Simms*, 165 F.3d at 1326.   Furthermore, "each discrete incident of [discriminatory] treatment constitutes its own 'unlawful employment practice' for which administrative remedies must be exhausted."   *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110–13 (2002)).[2]

---

[1]  While exhaustion of remedies with respect to *timely* filing an EEOC charge is not a jurisdictional issue, *see Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982), exhaustion of remedies with respect to alleging the bases for a charge of discrimination is a jurisdictional issue in this Circuit, *Shikles*, 426 F.3d at 1317.

[2]  This is a change from prior Tenth Circuit precedent which held that a judicial complaint may include discriminatory acts not included in the EEOC charge if those acts were "like or reasonably related to" the allegations in the EEOC charge.  *Martinez*, 347 F.3d at 1210 (discussing the impact of *Morgan* on the "continuing violations" doctrine).

Defendant argues that Plaintiff has failed to exhaust his administrative remedies for any claims that Defendant (1) gave unfavorable references to W.W. Grainger, or (2) gave any unfavorable references during any time other than those alleged in the EEOC charge. Plaintiff does not respond to this argument. After examining the EEOC charge, I conclude that Plaintiff exhausted his administrative remedies for any negative reference given to W.W. Grainger. Although the EEOC does not specifically reference W.W. Grainger as it does Bass Pro Shops and Lowe's, it does state that he has applied at and been denied employment at "several retail stores" due to negative references by Defendant. It appears that Bass Pro Shops and Lowe's were simply used as examples. However, Plaintiff failed to exhaust his administrative remedies for any unfavorable reference allegedly given outside the period of March 1, 2006 to April 8, 2006. Although Plaintiff checked the box for "continuing action" on the EEOC charge, the law is clear that each discrete incident of [discriminatory] treatment constitutes its own 'unlawful employment practice' for which administrative remedies must be exhausted." *Martinez*, 347 F.3d at 1210 (citing *Morgan*, 536 U.S. at 110–13). Therefore, any actions outside of the defined period on the EEOC form have not been exhausted as they have not been brought in an EEOC charge. Accordingly, all such claims are barred for failure to exhaust administrative remedies.

2.  <u>Adverse Employment Action</u>

Defendant further argues that summary judgment is appropriate on all of Plaintiff's claims because Plaintiff has not demonstrated a genuine issue of material fact as to each element of the prima facie cases for discrimination or retaliation. A *prima facie* case for disparate treatment requires that the Plaintiff demonstrate "(1)

membership in a protected class, (2) adverse employment action, and (3) disparate treatment among similarly situated employees." *Orr v. City of Albuquerque*, 417 F.3d 1144, 1149 (10th Cir. 2005) (citing *Trujillo v. Univ. of Colo. Health Scis. Ctr.*, 157 F.3d 1211, 1215 (10th Cir. 1998)). The phrase "adverse employment action" is liberally construed in the Tenth Circuit. *Hilling v. Rumsfeld*, 381 F.3d 1028, 1031 (10th Cir. 2004) (citing *Sanchez v. Denver Pub. Schs.*, 164 F.3d 527, 531 (10th Cir. 1998)). An adverse employment action is determined on a "case-by-case approach" and requires examination into the "unique factors relevant to the situation at hand." *Sanchez*, 164 F.3d at 532 (citing *Jeffries v. Kansas*, 147 F.3d 1220, 1232 (10th Cir. 1998)). For example, conduct is adverse if it constitutes "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington Indus. v. Ellerth*, 524 U.S. 742, 761 (1998) (addressing tangible employment action in vicarious liability context). Furthermore, "[o]ne factor that strongly indicates a challenged action is an 'adverse employment action' is that the action causes 'harm to future employment prospects.'" *Hilling*, 381 F.3d at 1032–33.

To establish a *prima facie* case of retaliation, "a plaintiff must demonstrate (1) that he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action." *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1202 (10th Cir. 2006) (citing *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) and *Miller v. Auto. Club of N.M., Inc.*, 420 F.3d 1098, 1119 (10th Cir. 2005)). Although a

plaintiff need not show an "adverse employment action" to sustain a retaliation claim, a plaintiff must still show that "a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington*, 548 U.S. at 68 (quotations and citation omitted).

In this case, Magistrate Judge Hegarty recommends that Defendant's motion be granted because Plaintiff's deposition testimony reveals that he has no evidence that he suffered any adverse employment action, *i.e.*, that he was denied employment based on a negative reference provided by Defendant. I agree. Indeed, Plaintiff freely admits that he merely suspects, and has no evidence to show, that Defendant provided negative references or that his prospective employers denied him employment based on these negative references. Although a claim for retaliation does not require an "adverse employment action", Plaintiff's admissions also preclude a finding that Plaintiff suffered any action that was materially adverse. *See Burlington*, 548 U.S. at 68 (citation omitted). The only allegation that even suggests that Defendant provided a negative employment reference is Plaintiff's description of a conversation with a manager at W.W. Grainger. Plaintiff alleges that Mr. Sidler, during a conversation about why Plaintiff was not hired at W.W. Grainger, told Plaintiff to go back to Wal-Mart and apologize and suggested that Plaintiff had a problem with managers at Wal-Mart. However, Plaintiff admits that Mr. Sidler maintained that Plaintiff himself had told Mr. Sidler of the issues with managers. Furthermore, these hearsay statements are insufficient to create a genuine issue of fact as to the existence of an adverse employment action.

Magistrate Judge Hegarty also notes that Plaintiff has failed to demonstrate a genuine issue of fact as to (1) the causal relationship between the protected activity, *i.e.* filing the First Action, and the negative references for the retaliation claim and (2) whether he was treated differently from other similarly situated employees for the discrimination claim. Again, I agree. Plaintiff's argument and filings indicate that he merely disputes the decision made by many retail stores to not hire him. He presents no connection between these decisions and Defendant nor any information regarding any disparate treatment between himself and other employees. I further note that although Plaintiff's complaint indicates that he brings discrimination charges based on race, his deposition suggests otherwise.[3] In any case, however, Plaintiff has failed to demonstrate the existence of each element of the *prima facie* cases.

Plaintiff's objections to the recommendation do not specifically dispute any portion of recommendation as required by Fed. R. Civ. P. 72(b)(2). Rather, he simply objects to dismissal of his case, arguing that he "he did not file the complaint to be vexatious and it is not groundless, because the seriousness of the charge." (Docket No.

---

[3] For example, the following exchange took place during Plaintiff's deposition:
Question:  Now, in this lawsuit you're claiming that Wal-Mart provided negative references about you to prospective employers, correct?
Answer:  Yes, sir.
Question:  And why are you claiming that Wal-Mart did that? Are you claiming that they did it based on some protected characteristic?
Answer:  Yes, sir.
Question:  What protected characteristic?
Answer:  For putting in a transfer request.
Question:  So you're saying that Wal-Mart gave you negative references because you put a transfer request in?
Answer:  Yes, sir.
(*See* Pl.'s Dep., Docket No. 23-3 at 27.)

28 at 3.) He also generally alleges, without any elaboration, that Defendant is not cooperating in the discovery process "by not allowing any interrogatories to be answered." *Id.* These objections, however, are insufficient to rebut any conclusion in the recommendation. It remains clear that there are not issues of fact as to whether Defendant issued negative employment references, whether any prospective employer relied on these negative employment references in denying employment to Plaintiff, whether there is a causal connection between Plaintiff's protected activity and any negative employment references, and whether Plaintiff was treated differently from any other similarly situated employee. Therefore, summary judgment is appropriate.

3.  <u>Attorney's Fees / Injunctive Relief</u>

Magistrate Judge Hegarty recommends that Defendant be awarded attorney's fees and costs due to the frivolous nature of this action. Title VII provides that I "may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs." 42 U.S.C. § 2000e-5(k). Furthermore, the Supreme Court has determined that pursuant to section 2000e-5(k), a "district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1977); *accord Sorbo v. UPS*, 432 F.3d 1169, 1181 (10th Cir. 2005) (citing *id.*). I agree with Magistrate Judge Hegarty. As Plaintiff filed this action and continued to pursue it even though he admittedly has nothing more than speculation that Defendant engaged in any discriminatory practices, *see* discussion *surpa*, I conclude, as did Magistrate Judge Hegarty, that the action is "frivolous, unreasonable, [and] without

foundation." *Christiansburg Garment*, 434 U.S. at 421.  I also agree with Magistrate Judge Hegarty that injunctive relief is not warranted at this point.  I do, however, caution Plaintiff against filing frivolous actions in the future as doing so may subject him to further attorney's fees awards, injunctive relief, or sanctions pursuant to Fed. R. Civ. P. 11.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Hegarty (Docket No. 34), issued November 17, 2008, is accepted as modified.

2. Defendant's Motion for Summary Judgment and Injunctive Relief to Prevent Future Frivolous Actions (Docket No. 23) is granted in part and denied in part as discussed above.

3. This case is dismissed with prejudice.

4. Defendant is awarded reasonable attorney's fees and costs in defending this action.  Defendant shall have until June 1, 2009 to submit a description of the fees and expenses incurred in this case, and any additional materials necessary, as required by D.C.COLO.LCivR 54.3 and Section 7 of my Pretrial and Trial Procedures.

5. Plaintiff shall have twenty days to respond.

DATED at Denver, Colorado, on May 4, 2009.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge