IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No.   08-cv-00070-WDM-MEH

LANGSTON G. ALEXANDER,

    Plaintiff,

v.

WALMART STORES INCORPORATED,

    Defendant.

**ORDER ON MOTION TO RECONSIDER AND MOTION TO EXTEND RESPONSE**

Miller, J.

    This matter is before me Plaintiff's Motion to Reconsider (Docket No. 53) and Motion to Extend Response (Docket No. 54).  As Applicant is proceeding *pro se*, I must construe his pleadings liberally and hold him to a "less stringent standard."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972))).

    By Order dated May 4, 2009, I accepted as modified Magistrate Judge Michael E. Hegarty's recommendation that summary judgment be granted to Defendant.  (*See* Docket No. 50.)  Judgment entered on May 5, 2009.  (*See* Docket No. 51.)  On May 22, 2009, Plaintiff filed the current motions seeking reconsideration of my Order and an extension of time to present further argument and evidence in support of reconsideration.  The motion for reconsideration simply moves for reconsideration and

states that "[a]t this immediate time, additional information from other sources is being pursued" which will "change much of the details the court needs to have this complaint not deemed as frivolous." (Docket No. 53 at 1.) The motion for extension of time requests an additional thirty days to file a "response to the" May 4, 2009 Order.

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.' Instead the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Fed. R. Civ. P. 59(e) will govern when the motion for reconsideration is filed within ten days of the judgment and Fed. R. Civ. P. 60(b) will govern all other motions. *Id.*

As Plaintiff's motions were filed more than ten days after entry of judgment, they are governed by Rule 60(b). *See id.* Rule 60(b) motions are not subject to a specified time limit; rather, they must be made within a "reasonable time" after judgment is entered. Fed. R. Civ. P. 60(c). Therefore, it is unnecessary for Plaintiff to seek an extension of time to file a Rule 60(b) motion as the motion must only be made "within a reasonable time" after entry of judgment. Furthermore, the Federal Rules of Civil Procedure prohibit extensions of time for Rule 60(b) motions. *See* Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rule . . . 60(b) except as those rules allow."). To extent that Plaintiff's *pro se* motion can be liberally construed as a motion for an extension of time to file a motion pursuant to Rule 59(e), the Federal Rules also prohibit an extension of time for Rule 59(e) motions. *See id.* Finally, with respect to Plaintiff's motion for reconsideration, the motion contains no argument or

evidence supporting reconsideration of my Order.  Therefore, it provides no basis on which I may reconsider my previous ruling.  Furthermore, it is in violation of the Federal Rules as it does not "state with particularity the grounds for seeking the order."  Fed. R. Civ. P. 7(b)(1)(B).  However, as Plaintiff clearly seeks reconsideration of my Order dismissing his case and appears to be preparing to make a more detailed motion, I conclude that this order should be without prejudice to presenting his arguments in the future.

Accordingly, it is ordered:

1. Plaintiff's Motion to Reconsider (Docket No. 53) is denied without prejudice.

2. Plaintiff's Motion to Extend Response (Docket No. 54) is denied.


DATED at Denver, Colorado, on June 1, 2009.

BY THE COURT:


s/ Walker D. Miller
United States Senior District Judge